# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

AYOUB TARTIR,
                Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
DC-0752-14-0577-I-1

DATE: August 14, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Ayoub Tartir, Glen Burnie, Maryland, pro se.

Kathy G. Jones, Beltsville, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal alleging an improper removal in September 2008 on the grounds that relitigation of the timeliness of the appeal was barred under the doctrine of collateral estoppel. Generally, we grant petitions such as this one

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant filed this appeal on April 9, 2014, alleging that he was improperly removed from his position as an IT Specialist in September 2008. Initial Appeal File (IAF), Tab 1.  The appellant had previously filed an appeal of the same 2008 removal, and that appeal was dismissed in 2009 as untimely filed. *See Tartir v. Department of Agriculture*, MSPB Docket No. DC-0752-09-0247-I-1, Initial Decision (Feb. 3, 2009); IAF, Tab 7 at 8-14.  The appellant did not request review of that decision by the Board or the U.S. Court of Appeals for the Federal Circuit; instead more than 5 years later, he filed this new appeal.  The administrative judge dismissed this appeal on the grounds of collateral estoppel. IAF, Tab 11, Initial Decision.  The judge had issued an order to show cause why the appeal should not be barred on issue preclusion, but the appellant did not address this issue in any of his three responsive pleadings filed prior to the initial decision, submitting only evidence apparently contesting the appropriateness of

the agency's personnel actions during his employment. *See* IAF, Tabs 5, 6, 8, 9. The appellant filed a petition for review, denying all agency charges against him in the 2008 removal and requesting additional review of his case, but making no substantive legal argument concerning the administrative judge's application of collateral estoppel. Petition for Review (PFR) File, Tab 1 at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    Collateral estoppel, or issue preclusion, is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988). The Board clarified in *McNeil v. Department of Defense* that the fourth prong requires that the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented. 100 M.S.P.R. 146, ¶ 15 (2005). The dismissal of a Board appeal on timeliness grounds can be given collateral estoppel effect if the elements of that doctrine are established. *Allen v. Office of Personnel Management*, 77 M.S.P.R. 212, 221 n.5 (1998) (final decisions in chapter 75 appeals that have been dismissed on timeliness grounds were not relitigated under the doctrine of collateral estoppel insofar as the appellants did not present different bases for a finding of good cause for the delayed filing); *see also Nebblett v. Office of Personnel Management*, 73 M.S.P.R. 342, 347 & n.2 (1997) (finding that the administrative judge's dismissal of the appeal on the basis of untimeliness, which became the Board's final decision, was a collateral estoppel bar to an appeal of the same OPM reconsideration decision), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998).

¶4    We conclude that the appellant has not shown error in the administrative judge's finding that the elements of collateral estoppel have been met in this case

regarding the timeliness of his appeal of the 2008 removal, and that he is thus precluded from relitigating this issue. The matter previously adjudicated, the untimeliness of the appeal from his 2008 removal, is identical to the issue in the instant appeal. The timeliness issue was actually litigated in the 2009 appeal, and that timeliness determination was necessary to the resulting judgment. The appellant has filed five pleadings after the show cause order but has never addressed the issue of collateral estoppel, nor has he made a substantive argument of good cause for the untimeliness of his 2009 appeal. *See* IAF, Tabs 6, 8, 9; PFR File, Tabs 1, 4. The appellant argued merely that he was "busy" studying at the time of the original 2009 appeal and that he was currently applying for federal employment that would investigate his prior work experience. IAF, Tab 6 at 3. The record shows that he submitted over thirty pages of evidence, addressing only his work experience at the agency, his education records, and a summary of personnel actions taken against him. IAF, Tab 9. As argued by the agency, the appellant has failed to address the issue of collateral estoppel in any way or argue legal error in the findings of the administrative judge in the initial decision. *See* IAF, Tab 7; PFR File, Tab 3. Moreover, the appellant offered no explanation of why he waited more than 5 years to file a second appeal of the removal action. Therefore, the doctrine of collateral estoppel precludes the adjudication of the timeliness of the appeal of the agency's removal action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.